IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SANDRA ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> ERIC LANGE and THE NIELSEN COMPANY, LLC, <br><br> Defendants. | Civil Action No. 3:10-CV-9 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Defendants' Motion to Dismiss. (Docket No. 18). Upon due consideration and for the reasons that follow, the Court will GRANT the motion.

**I. BACKGROUND**

Plaintiff Sandra Robinson was employed by The Nielsen Company, LLC (Nielsen) for six months in 2007. She alleges that on October 30, 2007, a few weeks after she made her third complaint of racial harassment to her immediate supervisor, Nielsen terminated her employment. Nielsen informed her that her termination was due to a policy violation, specifically a discrepancy with the method she used to record her time. She contends that other employees used the same method of timekeeping without Nielsen terminating their employment.

The Plaintiff alleges that Nielsen and Eric Lange, an individual employed by Nielsen, violated Title VII, the covenant of good faith and fair dealing, and public policy and also wrongfully terminated her. The Defendants responded to the Complaint with the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Rule 12 allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these is the defense that the pleadings fail to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). While a court must typically construe the pleadings of a *pro se* plaintiff liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a court considering a motion to dismiss must still evaluate the *pro se* plaintiff's pleadings according to the standards developed under Rule 12.

Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93.

The pleadings need not be supported by evidence but must "state a claim to relief *that is plausible on its face.*" *Id.* at 193 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S.Ct. at 1949. If the

complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). *See also Iqbal*, 129 S. Ct. at 1950. With these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

### III. DISCUSSION

#### A. Title VII Claim

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The Plaintiff alleges Nielsen violated Title VII through unlawful harassment, discrimination, and retaliation.[1]

To establish a claim for unlawful harassment or hostile work environment under Title VII, the Plaintiff must allege that the harassment was "(1) unwelcome, (2) based on

---

[1] Individuals are not liable under Title VII. *E.g., Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998). As both the Defendants and the Plaintiff have acknowledged, Defendant Lange is not individually liable for any alleged Title VII violations.

[the Plaintiff's] race, (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere, and (4) imputable to [the Defendants]." *Equal Emp't Opportunity Comm'n. v. Central Wholesalers, Inc.*, 573 F.3d 167, 174-75 (4th Cir. 2009). The Plaintiff's brief Complaint, even liberally construed, fails to meet this standard. She states only that the Defendants subjected her to "numerous accounts of racial harassment." This conclusory statement is insufficient to meet the pleading standard.

Plaintiffs may state a proper claim for unlawful discrimination under Title VII in two ways. They may rely on direct or circumstantial evidence to show that race motivated the adverse employment action or, alternatively, they may establish a prima facie case for discrimination and then assert that the stated rationale for the adverse employment action was pretextual. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284-85 (4th Cir. 2004). The Plaintiff's Complaint fails to meet the pleading standard using either approach.

First, the Plaintiff offers limited circumstantial evidence to show that race motivated her termination. She indicates that her supervisor waited until after the Plaintiff's third racial harassment complaint before notifying the Plaintiff that her use of the company's timekeeping system violated company policy. She also offers that most employees at the company, including her trainer, used the same method of timekeeping and that her termination occurred without warning, in violation of the company's code of conduct. These alleged facts, taken in the light most favorable to the Plaintiff, do not show that race motivated her termination.

Second, the Plaintiff fails to properly allege unlawful discrimination using the pretext method. To state a claim upon which the Court may grant relief, the Plaintiff must

4

first establish a prima facie case for unlawful discharge and discrimination under Title VII, showing that "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Hill*, 354 F.3d at 285. The Complaint fails to meet the first and fourth prongs of the standard. Specifically, the Plaintiff fails to state that she is a member of a protected class or that her position either remained open or was filled by someone else outside the protected class. Without some indication that race played a role in the Plaintiff's termination—for example, with facts that satisfy the fourth prong of the standard—the Complaint fails to state a claim for unlawful discrimination based on race.

To state a prima facie case for unlawful retaliation under Title VII, the Plaintiff must allege that (1) she engaged in a protected activity, (2) the employer took an adverse action against her, and (3) there was a causal connection between the protected activity and the adverse action. *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). As discussed above, the Plaintiff does not sufficiently plead harassment and, therefore, cannot establish that she engaged in a protected activity by reporting harassment. Since she has not satisfied this foundational element of a proper retaliation claim, her Complaint fails to state a claim for retaliation based on race.

Because the Plaintiff has failed to allege facts stating a plausible claim for relief under Title VII for unlawful harassment, discrimination, or retaliation, the Court dismisses the Title VII claims against the Defendants.

**B. Breach of Implied Covenant of Good Faith and Fair Dealing**

The Plaintiff alleges that the Defendants violated an implied covenant of good faith and fair dealing by attributing her termination to a violation of company policy. Virginia does not recognize this alleged breach as a tort in the employment context. *E.g., Devnew v. Brown & Brown, Inc.*, 396 F. Supp. 2d 665, 671 (E.D. Va. 2005) ("'Virginia law is decidedly straightforward on this matter: the Commonwealth does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in employment contracts, and in at-will employment contracts in particular.'"); *see also Greene v. Nat'l Head Start Ass'n, Inc.*, No. 1:09CV546, 2010 U.S. Dist. LEXIS 42738 at *13-14 (E.D. Va. 2010). Accordingly, the Court dismisses this claim against the Defendants.

**C. Wrongful Termination**

The Commonwealth of Virginia identifies wrongful termination in violation of public policy as a "limited exception to the general principles of at-will employment that are firmly entrenched within Virginia jurisprudence." *Storey v. Patient First Corp.*, 207 F. Supp. 2d 431, 450 (E.D. Va. 2002); *see also Bowman v. State Bank of Keysville*, 331 S.E.2d 797, 800-01 (Va. 1985). To state a claim for wrongful termination in Virginia, a plaintiff must "identify a Virginia statute that the employer-defendant violated by terminating the plaintiff." *Storey*, 207 F. Supp. 2d at 450. The Plaintiff fails to identify such a statute. Furthermore, although the Virginia Supreme Court has not addressed this issue, it is unlikely that an individual can be liable for wrongful termination, because this would broaden the limited exception to at-will employment that the Virginia Supreme Court first

recognized in *Bowman. VanBuren v. Virginia Highlands Orthopaedic Spine Center, LLC*, No. 7:10CV00132, 2010 U.S. Dist. LEXIS 76084 at *14-18 (W.D. Va. 2010). Accordingly, the Court dismisses the wrongful termination claim against the Defendants.

**D. Public Policy Violation**

The Plaintiff asserts that the Defendants violated public policy by terminating her employment after she made racial harassment allegations. Since she neither cites any public policy nor offers any rationale for this claim, the Court dismisses it.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Dismiss.

Let the Clerk send a copy of this Memorandum to the Plaintiff and to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

>                 /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this   29th   day of October 2010.